UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LOGIC STAFFING LLC,<br><br>Defendant. | NO. 2:24-cv-1557<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and retaliation, and to provide appropriate relief to Robert Ayotte who was adversely affected by such practices. Ayotte is a practicing Muslim. As alleged below, Logic Staffing LLC unlawfully discriminated against Ayotte by failing to accommodate his sincerely held religious belief and practice of attending Friday prayer; by failing to hire Ayotte because of his religion, Islam, and because of his religious practices as a Muslim; and by retaliating against Ayotte because he sought a religious accommodation and opposed what he reasonably believed was unlawful religious discrimination against him.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000e-5(f)(1) and

COMPLAINT AND JURY DEMAND – 1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 576-3000
Fax (206) 220-6911
TDD (206) 220-6882

1  (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2      2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Washington.

## PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "Commission") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4.    Defendant Logic Staffing LLC is a staffing agency headquartered in Kent, Washington and operates branch offices located in Sumner and Tacoma, Washington, and also Ontario, California.

5.    At all relevant times, Defendant has been a Limited Liability Corporation incorporated under the laws of the State of Washington, continuously doing business in the State of Washington and employing at least fifteen (15) or more employees in each of twenty (20) or more weeks in 2022.

6.    At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce, within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

7.    More than thirty (30) days prior to the institution of this lawsuit, Ayotte filed a charge of discrimination with the EEOC alleging that Defendant violated Title VII.

8.    On August 14, 2023, the EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII and invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.    Thereafter, the EEOC engaged in communications with Defendant to provide

COMPLAINT AND JURY DEMAND – 2

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 576-3000
Fax (206) 220-6911
TDD (206) 220-6882

Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC.

11. On September 7, 2023, the EEOC issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least March 8, 2022, Defendant engaged in unlawful employment practices in violation of Sections 703(a)(1) and (b), and Section 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and (b), and § 2000e-3(a).

**A. Failure to Accommodate and Hire on the Basis of Religion**

14. Ayotte has a sincerely held religious belief that as a Muslim he must engage in the practice or observance of praying at a mosque each Friday around noon.

15. Defendant Logic Staffing is a staffing agency, which places individuals into labor, warehouse, manufacturing, production, and other roles, as needed by Logic Staffing's clients.

16. On or about March 7, 2023, Defendant was hiring for six (6) packer positions.

17. On or about March 7, 2023, Defendant was hiring for two (2) general warehouse associate positions.

18. On March 7, 2023, Ayotte applied online for employment with Defendant using Defendant's website.

19. After Ayotte submitted his on-line application, one of Defendant's Staffing Supervisors called Ayotte, conducted a short prescreening call, and invited Ayotte to an in-person interview the next day.

20. On the morning of March 8, 2022, Ayotte met with Defendant's Staffing Supervisor for an in-person interview at Defendant's offices in Kent, Washington.

COMPLAINT AND JURY DEMAND – 3

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 576-3000
Fax (206) 220-6911
TDD (206) 220-6882

21. Both Ayotte and Defendant's Staffing Supervisor initially perceived that the interview went well, that Ayotte was qualified for the available positions, and Defendant's Staffing Supervisor intended to hire Ayotte to fill an available position.

22. As the Staffing Supervisor concluded the interview, Ayotte requested additional break time for Friday prayer.

23. Ayotte informed Defendant's Staffing Supervisor that he was flexible about the length of lunch needed in order for him to attend Friday prayer.

24. Ayotte informed Defendant's Staffing Supervisor that if a position was available close to a mosque, he may not even need the additional time to attend Friday prayer.

25. After Ayotte requested a religious accommodation to attend Friday prayer, Defendant's Staffing Supervisor abruptly ended the interview and denied Ayotte employment.

26. Defendant's Staffing Supervisor told Ayotte that Defendant did not have any available positions because of Ayotte's need for extra time to attend Friday prayer.

27. Defendant did not contact any of its clients on or after March 8, 2022 to inquire whether any would accommodate Ayotte's request for a religious accommodation to attend Friday prayer.

28. Defendant did not propose any other accommodation to Ayotte on or after March 8, 2022 designed to eliminate any conflict that Defendant speculated might exist between Ayotte's need for extra time to attend Friday prayer and the needs of any actual business client.

29. On information and belief, Ayotte's request for extra time to attend Friday prayer would not have caused Defendant or any of Defendant's clients to incur substantial increased costs.

30. On information and belief, as of March 8, 2022, Defendant had clients with available positions that Defendant could have asked to accommodate Ayotte's request for extra time to attend Friday prayer, including providing up to a 1.5-hour lunch break on Fridays, if needed.

COMPLAINT AND JURY DEMAND – 4

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

**B. Retaliation for Opposing Religious Discrimination**

31. After requesting a religious accommodation, Ayotte asked Defendant to provide him with a written statement confirming that he was being denied employment because of his religion and his request to attend Friday prayer.

32. Defendant refused to provide Ayotte with any written statement explaining why it had denied him employment.

33. Ayotte left Defendant's offices on March 8, 2022 after Defendant's Staffing Supervisor refused to provide him with written statement confirming why it was rejecting him.

34. Ayotte returned to Defendant's offices on March 8, 2022, asked for a verbal confirmation of Defendant's reason for rejecting him and indicated he was recording the interaction.

35. Ayotte was firm, respectful and nonthreatening while requesting verbal confirmation of Defendant's reason for rejecting him.

36. Ayottte immediately left the office after Defendant refused to provide the verbal confirmation.

37. After Defendant denied Ayotte's request for verbal confirmation and he left their offices the second time, Defendant documented in its bullhorn report that Ayotte was not onboarded and would not be eligible for future employment with the notation "DNU." (do not use).

38. The effect of the practices complained of in paragraphs 14 through 37 above has been to deprive Ayotte of equal employment opportunities and otherwise to adversely affect Ayotte's status as an employee because of his religion, Islam, and his religious practices as a Muslim, and because he engaged in protected EEO activity when he sought a religious accommodation and opposed what he reasonably believed was unlawful religious discrimination against him.

39. The unlawful employment practices complained of in paragraphs 14 through 37 above were and are intentional.

COMPLAINT AND JURY DEMAND – 5

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

40. The unlawful employment practices complained of in paragraphs 14 through 37 above were and are committed with malice and/or reckless disregard for the federally protected rights of Ayotte.

PRAYER FOR RELIEF

WHEREFORE, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, Logic Staffing LLC, its officers, employees, attorneys, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of religion.

B. Grant a permanent injunction enjoining Defendant, Logic Staffing LLC, its officers, employees, attorneys, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which retaliates against an applicant or employee for engaging in protected EEO activity.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees of all religions, protects applicants and employees who engage in protected EEO activity, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make Robert Ayotte whole by providing compensation for past and future pecuniary losses resulting from the above unlawful conduct described in paragraphs 14 through 40 above, in amounts to be determined at trial.

E. Order Defendant to make Robert Ayotte whole by providing compensation for past and future non-pecuniary losses caused by and naturally flowing from the conduct described in paragraphs 14 through 40 above, including humiliation, loss of enjoyment of life, pain and suffering, personal indignity, embarrassment, fear, sadness, anger, anxiety, anguish, and other forms of emotional distress he has experienced, in amounts to be determined at trial.

F. Order Defendant to pay Robert Ayotte punitive damages for its malicious and reckless conduct described in paragraphs 14 through 40 above, in amounts to be determined at

COMPLAINT AND JURY DEMAND – 6

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

trial.

G. Grant such further relief as the Court deems necessary and proper.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by this Complaint.

DATED this 30th day of September 2024.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

BY: /s/ Roberta Steele
Roberta L. Steele
Regional Attorney
San Francisco District Office
450 Golden Gate Ave, 5th Floor W.
P.O. Box 36025
San Francisco, CA 94102
Telephone (650) 684-0939
roberta.steele@eeoc.gov

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

Office of the General Counsel
131 M Street, N.E.
Washington, D.C. 20507

BY: /s/ Damien Lee
Damien A. Lee
Assistant Regional Attorney
Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 576-3038
damien.lee@eeoc.gov

BY: /s/ Gregory Hitzel
Gregory A. Hitzel
Senior Trial Attorney
Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 576-3029
gregory.hitzel@eeoc.gov

Attorneys for Plaintiff EEOC

COMPLAINT AND JURY DEMAND – 7

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

DATED this 30th day of September, 2024.

/s/ Jimmy Yen
Jimmy J. Yen
Paralegal Specialist
Equal Employment Opportunity Commission
909 First Ave., Suite 400
Seattle, Washington 98104
Telephone (206) 576-3043
jimmy.yen@eeoc.gov

COMPLAINT AND JURY DEMAND – 8

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882