The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>*Plaintiff*,<br><br>ROBERT AYOTTE,<br><br>*Proposed Intervenor-Plaintiff*,<br>v.<br><br>LOGIC STAFFING LLC,<br><br>*Defendant*. | NO. 2:24-cv-1557-BJR<br><br>**ORDER GRANTING MOTION TO INTERVENE BY ROBERT AYOTTE** |

## I.  INTRODUCTION

Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), initiated this employment discrimination action against Defendant Logic Staffing LLC ("Logic Staffing") alleging that Logic Staffing violated Title VII of the Civil Rights Act of 1964 by unlawfully discriminating against Robert Ayotte based on his religion. Compl., Dkt. No. 1.

This matter is before the Court on Ayotte's unopposed Motion to Intervene, Dkt. No. 16, and Proposed Complaint in Intervention, Dkt. No. 16-1. Ayotte moves to intervene as a plaintiff as

of right pursuant to Federal Rule of Civil Procedure 24. *See generally* Mot. to Intervene. Having fully considered the materials and the relevant legal authorities, the Court grants the Motion.

## II.    DISCUSSION

Rule 24 provides: "On timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). Title VII provides an aggrieved employee with an absolute right to intervene in a civil action brought by the EEOC. 42 U.S.C. § 2000e-5(f)(1).

On a motion to intervene, a district court must accept as true the nonconclusory allegations of the motion and proposed answer. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001). The Ninth Circuit construes Rule 24(a) liberally in favor of potential intervenors. *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006). The party seeking to intervene bears the burden of showing that all the requirements for intervention have been met. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).

Ayotte's unopposed Motion satisfies the requirements to intervene as of right. First, Ayotte filed a charge of discrimination with the EEOC, which provides the basis for this action. Amended Compl. ¶ 7, Dkt. No. 12. Therefore, Ayotte has an unconditional right to intervene. 42 U.S.C. § 2000e-5(f)(1); *E.E.O.C. v. Fry's Elecs., Inc.*, 770 F. Supp. 2d 1168, 1170 (W.D. Wash. 2011).

Second, Ayotte's Motion to Intervene is timely. In determining whether a Motion to Intervene is timely, courts weigh three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Orange Cnty. v. Air Cal.*, 799 F.2d 535, 537 (9th Cir. 1986).

As to the first timeliness factor, the EEOC filed the initial Complaint in this action in September 2024[1] and a trial date is set for February 2026. *See* Compl.; Or. Setting Trial Date, Dkt. No. 14; *EEOC v. Lowe's HIW, Inc.*, No. C08-0331, 2008 WL 11344662, at *4 (W.D. Wash. Aug. 14, 2008) (granting motion to intervene at "early stage" when trial is over a year away). Therefore, the proceedings are at an early stage.

Ayotte's Motion to Intervene also meets the second and third timeliness factors. The other parties had sufficient notice of Ayotte's claims through the EEOC's Complaint, which concerns the same interactions between Logic Staffing and Ayotte that give rise to his Proposed Complaint in Intervention. *Compare* Compl., *with* Proposed Intervenor Compl.; *see Lowe's HIW*, 2008 WL 11344662, at *4 (finding no prejudice when proposed intervenor's claims arise from same or similar facts as other plaintiffs). Therefore, the other parties are unlikely to be prejudiced by Ayotte's intervention. Additionally, Ayotte contends that any delay in filing the Motion to Intervene was due to the time it took for him to find suitable counsel and prepare his Proposed Complaint in Intervention. Mot. to Intervene at 6. Given the delay of a few months between the filing of EEOC's Complaint and the Motion to Intervene, Ayotte's explanation for the delay is reasonable. *See generally id.*; Compl. Accordingly, Ayotte satisfies the requirements to intervene in this action as of right.

### III.  CONCLUSION

For the foregoing reasons, Ayotte's Motion to Intervene (Dkt. No. 16) is GRANTED. Intervenor-Plaintiff Robert Ayotte may file his Proposed Complaint in Intervention (Dkt. No. 16-1).

---

[1] The EEOC filed an Amended Complaint in November 2024 raising the same two substantive claims as the initial Complaint. *Compare* Compl., *with* Amended Compl.

ORDER GRANTING MOTION TO INTERVENE BY ROBERT AYOTTE

- 3

1 | DATED this 17th day of March 2025.

             _Barbara J. Rothstein_
             Barbara Jacobs Rothstein
             U.S. District Court Judge

ORDER GRANTING MOTION TO INTERVENE BY ROBERT AYOTTE

- 4